PAINE et al. v. KESSLER et al.

No. 32753.   Oct. 14, 1947.

*185 P. 2d 446.*

M. E. Becker, of Guymon, and Mc-Collum & McCollum, of Pawnee, for plaintiffs in error.

Robinson, Shipp & Robertson, T. Murray Robinson, and W. E. Robertson, all of Oklahoma City, for defendants in error.

WELCH, J.   In this action J. R. Paine, Dr. D. S. Lee, J. V. Stevens, Sr., Twiggs Ferguson, and L. R. Grice sought to enjoin J. M. Kessler and Westcott Drilling Company from drilling for oil and gas and from producing oil and gas within the city of Guymon, Okla.

Plaintiffs' petition alleged, in substance, that Westcott Drilling Company, as drilling contractor, was engaged in drilling an oil and gas well for defendant Kessler on block 13 of the townsite of Guymon; that Kessler claims to have oil and gas leases on more than 50 per cent of the real estate in the city of Guymon; that said leases were procured long prior to commencement of the drilling operation and at a time when there was an ordinance prohibiting the leasing for oil and gas purposes, or the drilling for oil and gas within the corporate limits of the city of Guymon, said ordinance being city ordinance No. 34; that said leases purport to convey a one-eighth of the production as royalty to the city of Guymon, and seven-eighths to defendant Kessler; that Kessler, with the mayor and certain members of the city council of Guymon, entered into a conspiracy to violate ordinance No. 34; that said officials promised Kessler that if and when such leases were acquired they would repeal said ordinance; that the repeal of ordinance 34 did not validate such leases which were acquired in violation of said ordinance; that defendants' drilling operation is illegal and if permitted to continue and oil and gas is found, plaintiffs will suffer irreparable injury; that plaintiffs have no adequate remedy at law.

Defendants for answer admit that they are engaged in drilling for oil and gas on block 13 in the townsite of the city of Guymon, and allege the well is being drilled by the defendant Westcott Drilling Company under contract for Kessler, and his cotenants as the owners of said property; that the Corporation Commission granted permission to drill the well in question upon condition that defendant obtain permission from the duly constituted authorities of the city of Guymon; that the mayor and council of said city enacted ordinance No. 103 which by its terms specifically repealed ordinance No. 34, and prescribed conditions and requirements under which wells for oil and gas may be drilled in said city; that said well was commenced after passage of ordinance No. 103 and after defendants had complied with all city ordinances relating to oil and gas wells.

Plaintiffs by reply deny all of the allegations of the answer.

Plaintiffs presented testimony to the effect that Kessler had obtained oil and gas leases on property in the city of

Guymon at a time when ordinance No. 34 was in effect, and had secured a promise from the mayor and members of the council that if he obtained leases on more than 50 per cent of the property, they would repeal ordinance No. 34 so that he could drill a well.

It was agreed that leases received by Kessler alleged to have been secured in the city were not recorded.

The trial court entered an order sustaining a demurrer to plaintiffs' evidence, which order has been treated as a final judgment, and plaintiffs appeal.

Plaintiffs assert that the court erred in sustaining defendants' demurrer to plaintiffs' evidence.

Argument is presented under two propositions. Proposition one is stated as follows:

"If a transaction was originally invalidated by reason of the provisions of an ordinance, the subsequent repeal of the ordinance does not have the effect of validating the transaction."

As proposition two plaintiffs state the general rules applicable to agreements affecting public service as stated in 12 Am. Jur. Contracts, 202.

It is urged that all leases were acquired in violation of ordinance No. 34, and were void and the repeal of said ordinance did not validate the same; that the "leases and all deals, contracts and commitments made and entered into by and between Kessler and the mayor and council were against public policy and void."

Plaintiffs' argument is directed to the asserted invalidity of oil and gas leases asserted to be held by Kessler.

The evidence presented to the trial court was in reference to the dealings and transactions had in procuring leases and in the enactment of ordinances in reference to leasing and drilling. We do not perceive that the question of the validity of oil and gas leases was a subject for determination in this action.

The questions presented to the trial court in this action were, Are defendants drilling for oil and gas in violation of law to the irreparable injury of plaintiffs, and in the event of production, would the act of defendants in producing oil or gas be in violation of law and to the irreparable injury of plaintiffs? There was no evidence presented in the affirmative of these questions.

The judgment is affirmed.

HURST, C.J. and RILEY, BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur.